Dear Mr. Mauberret:
Your request for our opinion to the following question has been assigned to the undersigned for answering.
Your question is as follows:
 If property owned by a hospital is to be used as a parking lot, on which there will be a charge for parking, would that property be "exempt" or should it be placed on the assessment rolls as taxable property?
As we understand your question, it requires three separate legal inquiries based on the status of the hospital involved. The first inquiry is into a hospital which can be classified as "public hospitals".
A "public hospital" is one which is owned and operated by the State, an agency of the State, or a political subdivision of the State.
The second inquiry goes to "nonprofit hospitals". A "nonprofit hospital" is one which is owned and operated by an entity which, for federal or state income tax purposes, is recognized as a nonprofit corporation. *Page 2 
Finally, an inquiry directed at hospitals which can be categorized as "other hospitals". "Other hospitals" are those which are neither "public" or "nonprofit hospitals".
For the reasons elaborated below, it is the considered opinion of this office as follows:
 I. A parking lot owned by a public hospital on which there is a charge for parking is exempt property and, therefore cannot be placed on the assessment rolls as taxable property, and is not subject to ad valorem taxation.
 II. That portion of property comprising a parking lot, owned, operated, leased or used by a non-profit hospital
on which there is a charge for parking, is not exempt property, and therefore, can be placed on the assessment rolls as taxable property, and is subject to ad valorem taxation.
 III. A parking lot, owned, operated, leased or used by other hospitals on which there is a charge for parking, is not exempt property, and therefore, can be placed on the assessment rolls as taxable property and is subject to ad valorem taxation.
Article VII, Section 21 of the 1974 State Constitution sets forth what property is and is not exempt from ad valorem taxation. The pertinent part of this Section reads as follows:
 § 21. Other Property Exemptions
 Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 (A) Public lands; other public property used for public purposes.
 (B) (1) Property owned by a nonprofit corporation or association organized and operated exclusively *Page 3 
for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax;
 * * *
 None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association.
It is through the application of these pertinent paragraphs and their underlying rationale, as revealed in the debates at the 1973 State Constitutional Convention, which provides the answer to the above three legal inquiries. Each of these inquiries will be answered separately.
"Public hospitals"
As to "public hospitals", Article VII, § 21 (A), which exempts public land from ad valorem taxation, is controlling. Therefore, if the "public hospital's" parking lot is located on land owned by the State, an agency of the State or a political subdivision of the State, it is exempt property, and cannot be placed on the assessment rolls as taxable property, nor can it be subject to ad valorem taxation.
"Nonprofit hospitals"
The Constitutional Convention was concerned about granting ad valorem tax exemptions to certain nonprofit corporations and having them operate in the commercial field in competition with private, industrial and commercial enterprises in an area unrelated to the purpose for which the nonprofit corporation was organized. (See: Const. Conv. of 1973, Vol. XXII Verbatim Transcripts, October 25, p. 1 et. seq; Vol. XXIII Verbatim Transcripts, October 26, p. 45 et. seq; and Vol XXIV Verbatim Transcripts, October 31, p. 16 et. seq.). This concern led to the adoption by the Convention *Page 4 
of what is now Article VII, Section 21 (B) of the 1974 State Convention.
As stated in Attorney General Opinion #75-270 (copy enclosed), in order to qualify for an exemption from ad valorem taxation, the property must meet four basic requirements:
 1. A nonprofit corporation organized exclusively for one of the designated purposes.
 2. No part of the net earnings inure to the benefit of any stockholder or member thereof.
 3. Said nonprofit corporation is exempt from federal or state income tax.
 4. None of the property of the nonprofit corporation shall be exempt if owned, operated, leased or used for commercial purposes unrelated to the exempt purposes of the corporation.
Each of these four basic requirements is essential, and if one is not met, then the property is not entitled to an exemption from ad valorem taxation. For the purposes of this opinion, we shall assume that a "nonprofit hospital" meets the first three requirements.
Under basic requirement four, which is derived from Article VII, Section 21, paragraph B, property owned, operated, leased or used for commercial purposes unrelated to the exempt purpose of the nonprofit corporation, is not exempt from ad valorem taxation. The question is, therefore, whether a parking lot owned, operated, leased or used by a "nonprofit hospital" on which parking fees are charged, is a commercial purpose related to the exempt purpose of a "nonprofit hospital".
In answering this question, it is useful to examine an exchange at the 1973 Constitutional Convention between Mr. Lennox, one of the authors of basic requirement four, and Mr Stinson. We shall, therfore, quote a portion of their exchange in full: *Page 5 
 Mr. Lennox: My interpretation of what my amendment would do; it would require that a religious or an eleemosynary organization which owns commercial properties and operated those properties or leased those properties in direct competition with enterprise would be prohibited from having ad valorem taxation exemptions.
 Mr. Stinson: I, also, understand in New Orleans that there is a church, or churches, that operate parking lot facilities in competition with private. If they took the proceeds of that — and all churches need more money and no church operates at a profit — could they continue in that without being taxed?
 Mr. Lennox: Mr. Stinson, if there is a church operating a parking lot in competition with commerce in New Orleans, then that church ought to be taxed just like its competitor. I don't care what happens with . . .
 Mr. Stinson: I agree with your argument. But, will this take care of that, wouldn't this
 Mr. Lennox: I think it would. That's exactly my point.
(Const. Conv., of 1973, Vol. XXIII Verbatim Transcripts, October 25, p. 22)
It is clear from this exchange that a pay parking lot owned, operated, leased or used by a "nonprofit hospital", like that of a church, does not meet the fourth basic requirement. More specifically, the providing of parking space for a fee by a "nonprofit hospital" is in competition with private commercial parking lots, and this commercial purpose of charging fees for parking is unrelated to the "nonprofit hospital's" exempt purpose of providing health care. Thus, a parking lot owned, operated, leased or used by a "nonprofit hospital" on which parking fees are charged does not meet the fourth basic requirement, and is not entitled to *Page 6 
an ad valorem tax exemption. It should be noted that this applies only to that portion of otherwise exempt property which is used for a pay parking lot.
"Other hospitals"
A hospital parking lot on which parking fees are charged and which is not owned, operated, leased or used by "public" or "nonprofit hospitals" is not entitled to an ad valorem tax exempt status. The rationale used for "nonprofit hospitals" is equally applicable here. The pay parking lots of "other hospitals", like those of "nonprofit hospitals", would not meet the fourth basic requirement for exemption.
For the above reasons, we therefore conclude that only parking lots which are owned by "public hospitals" on which parking fees are charged are exempt from the property tax tolls, and not subject to ad valorem taxation. Similar parking lots owned, operated, leased or used by "nonprofit" or "other hospitals" can be placed on the property assessment rolls, and are subject to ad valorem taxation.
If we can be of any further assistance to you, please do not hesitate to contact our office.
Yours very truly,
 WILLIAM J. GUSTE, JR. Attorney General
 By: LOUIS M. JONES
Assistant Attorney General
LMJ:ab encl.
OPINION NUMBER 79-861
August 14, 1979
 119 — TAXATION — Exemptions La. Const. Art. VII, § 21
Mr. Brian R. Bubrig Thirteen situations analyzed President for exemption status. Mostly Louisiana Assessor's Association dealing with non-profit Pointe a la Hache, LA 70802 corporations, churches, unions.